IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN MCLAREN, | § | |
| | § | No. 376, 2023 |
| Defendant Below, Appellant, | § | |
| | § | Court Below: Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| SMASH FRANCHISE PARTNERS, | § | C.A. No. 2020-0302 |
| LLC, | § | |
| | § | |
| | § | |
| Plaintiff Below, Appellee. | § | |

Submitted: May 8, 2024
Decided: June 12, 2024

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the record on appeal, and following oral argument, it appears to the Court that:

(1)     The appellant, Kevin McLaren, appeals from the Court of Chancery's September 8, 2023 Order and Final Judgment (the "Judgment"), in which the court, after issuing a post-trial opinion in July 2023, ordered the parties to bear their own fees and costs.  McLaren contends that the Court of Chancery abused its discretion by failing to address his request for attorney's fees under the Delaware Uniform Trade Secrets Act ("DUTSA") in the Judgment.  McLaren also appeals from the Court of Chancery's June 12, 2020 discovery ruling (the "Discovery Ruling") denying his June 2020 motion for a protective order and awarding fees to appellee

Smash Franchise Partners, LLC ("Smash").  We find no merit to his arguments and affirm.

(3)  On April 20, 2020, Smash[1] filed suit against McLaren—as well as against his business associate Todd Perri, Dumpster Devil LLC, and Kanda Holdings, Inc.[2]—asserting eight causes of action including a claim for misappropriation of trade secrets in violation of DUTSA against all defendants.  In October 2022, one month before trial, Smash informed the court and defendants that it would not try most of its claims, including its DUTSA claim.  McLaren was not included as a defendant on the remaining claims.

(4)  In defendants' pretrial briefing, they collectively petitioned for attorney's fees under DUTSA.[3]  In the parties' pretrial stipulation, McLaren sought attorney's fees on three grounds, one of those being the attorney's fees provision of DUTSA.[4]  The court entered judgment in favor of McLaren at trial.[5]  In defendants'

---

[1] The other plaintiff, Smash My Trash, LLC, is not a party to this appeal and was not a party to Smash's June 2021 second amended complaint in the Chancery litigation.

[2] None of these defendants are parties to this appeal.  Herein, we refer to all the defendants below, including McLaren, collectively as "defendants."  The defendants were represented by the same counsel.

[3] App. to Opening Br. at A614 (cleaned up) ("Defendants should be awarded their attorney's fees and costs in defending [Smash's] claims under the Uniform Trade Secrets Act.").

[4] *Id.* at A728 ("Defendants respectfully request that the Court [of Chancery] issue an Order . . . . [a]warding Defendant Kevin McLaren his costs, including reasonable attorney['s] fees pursuant to the bad faith exception to the American Rule regarding attorney['s] fees and to 6 *Del. C.* § 2004 [attorney's fees provision of DUTSA], 6 *Del. C.* § 2533(b) [attorney's fees provision of the Delaware Uniform Deceptive Trade Practices Act].").

[5] *Smash Franchise Partners, LLC v. Kanda Holdings, Inc.*, 2023 WL 4560984, at *15 (Del. Ch. July 14, 2023).

post-trial briefing, they again collectively asked for attorney's fees under DUTSA.[6] As to McLaren, they argued that although he "was not named in a count that provides for statutory fee shifting, he is nonetheless entitled to an award of fees under the [Court of Chancery's] general equitable powers."[7] At post-trial oral argument, counsel did not make a request for attorney's fees on behalf of McLaren, though he did ask for McLaren to be dismissed from the case.[8] On April 23, 2023, the court dismissed McLaren from the case.[9]

(5) On July 14, 2023, the Court of Chancery issued a memorandum opinion and order (the "July Opinion").[10] The court ordered each party to bear its own costs and awarded no attorney's fees under DUTSA (or under any other theory).[11] On September 8, 2023, the court entered the Judgment, which also ordered each party to bear its own fees and costs.[12]

(6) On appeal, McLaren claims that the Court of Chancery erred by failing to address McLaren's request for attorney's fees in the Judgment. He also contends

---

[6] App. to Opening Br. at A894.

[7] *Id.* at A898–99.

[8] *See id.* at A914–15.

[9] Ch. Dkt. No. 329 at 3 ("Smash has no remaining claims against McLaren; therefore, McLaren is dismissed as a defendant in this action.").

[10] *Smash Franchise Partners, LLC v. Kanda Holdings, Inc.*, 2023 WL 4560984 (Del. Ch. July 14, 2023).

[11] *Id.* at *30.

[12] *Smash Franchise Partners, LLC v. Kanda Holdings, Inc.*, 2023 WL 5899953, at *1 (Del. Ch. Sep. 8, 2023).

that the Court of Chancery erred in denying defendants' June 2020 motion for protective order and awarding attorney's fees to Smash. We review an award of attorney's fees for abuse of discretion.[13] We review pretrial discovery rulings for abuse of discretion.[14]

(7)  McLaren first contends that the Court of Chancery abused its discretion by failing to address his request for attorney's fees under DUTSA. His argument is without merit as the July Opinion and the Judgment explicitly and implicitly address his request for attorney's fees. At the outset of the July Opinion, the trial court stated that "[n]either side in this case deserves any relief. . . . Through the financial and personal consequences of this extensively litigated case, each side has received its just desserts. Each side will bear its own costs."[15] The Judgment, which identified McLaren as one of the defendants, also states that "[e]ach party will bear its own fees and costs."[16]

(8)  The Court of Chancery's decisions also implicitly address whether McLaren was entitled to attorney's fees. The July Opinion found that, although the defendants were the prevailing party on Smash's DUTSA claim because Smash dropped the claim on the eve of trial, Perri (one of the remaining defendants) did not

[13] *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142, 149 (Del. 1980).

[14] *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1106 (Del. 2006) (citing *ABB Flakt, Inc. v. Nat's Union Fire Ins. Co.*, 731 A.2d 811, 815 (Del. 1999)).

[15] *Smash Franchise Partners, LLC*, 2023 WL 4560984, at *2.

[16] *Smash Franchise Partners, LLC*, 2023 WL 5899953, at *1.

"show that the claim fits under one of the enumerated circumstances warranting an award of attorney['s] fees" under 6 *Del. C.* § 2004.[17] McLaren does not convincingly explain how the Court of Chancery's finding that Smash did not pursue an objectively specious DUTSA claim would apply any differently to his fee application. The Judgment also states that Dumpster Devil, another remaining defendant, was not entitled to attorney's fees under DUTSA.[18]

(9) Moreover, in the July Opinion, the Court of Chancery instructed the parties to submit a joint letter to the court if there were any outstanding issues to be addressed to bring the matter to a conclusion.[19] The parties did not do so. At oral argument before this Court, McLaren's counsel conceded that he did not inform the trial court that McLaren's fee issue remained outstanding.[20] In sum, the Court of Chancery sufficiently and correctly ruled that McLaren was not entitled to attorney's fees under DUTSA.

---

[17] *Smash Franchise Partners, LLC*, 2023 WL 4560984, at *30; *see also id.* ("Perri failed to prove that Smash pursued an objectively specious claim. He therefore cannot recover his fees and expenses under DUTSA.").

[18] *Smash Franchise Partners, LLC*, 2023 WL 5899953, at *1 ("Final judgment is entered in favor of [Smash] and against defendant Dumpster Devil with respect to Dumpster Devil's request for attorney's fees under [DUTSA].").

[19] *Smash Franchise Partners, LLC*, 2023 WL 4560984, at *31 ("If there are other issues that need to be addressed to bring this matter to a conclusion at the trial level, then the parties will submit a joint letter identifying those issues and proposing a schedule for addressing them.").

[20] Delaware Supreme Court, *Oral Argument Video*, Vimeo, at 8:32–9:47 (May 8, 2024) https://vimeo.com/943333738.

(10)   Separately, we find that McLaren's arguments as to the Discovery Ruling to be without merit.  The Court of Chancery did not abuse its discretion as its decision was based on conscience and reason, as opposed to capriciousness or arbitrariness.[21]  The court properly applied *SmithKline Beecham Pharms. Co. v. Merck & Co.*[22] in holding that Smash adequately disclosed information about trade secrets in its interrogatory responses, and the record reflects that the trial judge properly exercised his discretion in determining that fee shifting was justified.[23]  We see no reason to disturb the court's ruling.

NOW, THEREFORE, IT IS ORDERED that the Court of Chancery's Judgment and Discovery Ruling are AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[21] *Coleman*, 902 A.2d at 1106.

[22] 766 A.2d 442, 447–48 (Del. 2000).

[23] *See Smash Franchise Partners, LLC v. Kanda Holdings, Inc.*, C.A. No. 2020-0302-JTL, at 11–12 (Del. Ch. June 12, 2020) (TRANSCRIPT) ("I'm denying the motion for protective order.  There are multiple reasons for it.  I think the disclosure in the interrogatory responses is, in fact, sufficient under *SmithKline Beecham*. . . . The motion for protective order also strikes me as more tactical than warranted. . . . Any concern about confidential information is fully addressed by the confidentiality agreement, and so I view the motion for protective order as unfounded."); *id.* at 58–59 ("In terms of fees and expenses, in my view, the positions taken on the motion for protective order and the motion to compel were not substantially justified.  Indeed, when looking at them as a whole, . . . it demonstrates to me that what's actually going on here is a lack of good faith.  So I am shifting all expenses for both the motion to compel and the protective order pursuant to Rule 37.").